IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM SAUNDERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-1746 |
| | § | |
| LINCOLN MANUFACTURING, INC., | § | |
| | § | |
| Defendant. | § | |

# ORDER

In April 2018, the court granted Lincoln Manufacturing, Inc.'s motion for summary judgment and entered final judgment. (Docket Entry Nos. 24–25). Lincoln moved for $2,140.34 in costs for transcripts, submitting a declaration from counsel and receipts. (Docket Entry No. 26-2). Saunders objected, arguing that the taxable costs should not include videography or expedited transcript processing. (Docket Entry No. 27). Saunders asks the court to reduce the amount to $895.30. (*Id.* at 2). Lincoln has not responded or requested more time to do so.

The court may award taxable costs to a prevailing party. *See* 28 U.S.C. § 1920; FED. R. CIV. P. 54(d)(1). "Taxable costs are limited to relatively minor, incidental expenses amounting to a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *U.S. ex rel. King v. Solvay Pharms., Inc.*, 871 F.3d 318, 334–35 (5th Cir. 2017) (quotation omitted). They include "'fees for printed or electronically recorded transcripts necessarily obtained for use in the case' and 'fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.'" *Id.* at 335 (alterations omitted) (quoting 28 U.S.C. § 1920(2), (4)). "The district court has broad discretion in taxing costs." *Id.* at 323 (quotation omitted).

Lincoln seeks $785.00 for "[v]ideo [s]ervices" for Saunders's deposition. (Docket Entry No. 26-2 at 4). "[T]he cost of taking video depositions may be awarded if shown to be necessary for use in the case." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015). "[A] party seeking to recover costs must explain why those costs were necessary." *Solvay*, 871 F.3d at 335. Saunders states that the video costs were "necessarily incurred," without giving a reason. (Docket Entry No. 26-1 at 2). Because the court lacks any basis to find that the video deposition was necessary, the $785.00 is denied.

Lincoln also seeks $460.04 for the expedited processing of Saunders's deposition transcript. (Docket Entry No. 26-2 at 6). The cost of "a copy of a deposition obtained on an expedited basis 'is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *GSDMIdea*, 807 F.3d at 132 (quoting *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991)). Lincoln did not obtain court approval for expedited processing and has not argued that this litigation had a special character requiring speed. The record reveals nothing that would have required Lincoln to incur the costs of expedited processing. The $460.04 for expedited processing is denied.

Saunders's objections to the bill of costs are granted. (Docket Entry No. 27). Costs of $895.30 are entered against Saunders. (Docket Entry No. 26).

SIGNED on June 5, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge